IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**TOD A. PABST,**

           **Petitioner,**

      v.                                          CASE NO. 08-3258-SAC

**DAVID R. McKUNE, et al.,**

           **Respondents.**


**MEMORANDUM AND ORDER**


This matter comes before the court upon petitioner's motion for relief from judgment filed pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. 41). Petitioner seeks relief from the dismissal of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, asserting there was a "defect in the integrity of the habeas proceeding." (Doc. 41, p. 1.)

**Background**

Petitioner was convicted by a jury of the murder of his fiancée. After the conviction was overturned on appeal, *State v. Pabst*, 996 P.2d 321, 324 (Kan. 2000), the victim's parents hired a private attorney to assist the prosecution at the retrial. A second jury convicted petitioner, and that conviction was upheld on appeal. *State v. Pabst*, 44 P.3d. 1230, 1232 (Kan. 2002). Following an unsuccessful state post-conviction action pursuant to K.S.A. 60-1507, petitioner filed this habeas corpus action pursuant to 28 U.S.C. §2254.

The habeas corpus petition asserted: (1) petitioner's right to due process was violated by the participation of the private attorney

because he had a conflict of interest due to his representation of the victim's family in a civil action against petitioner; and (2) petitioner received ineffective assistance of counsel (a) when his trial counsel failed to seek disqualification of the private attorney and (b) when his appellate counsel failed to raise the issue of private counsel's conflict of interest.

This court denied petitioner's application for habeas corpus, and the decision was affirmed on appeal. *Pabst v. McKune*, 438 Fed.Appx. 674 (10th Cir. 2011), *cert denied*, 132 S.Ct. 1723 (2012). On appeal, petitioner presented the same claims concerning the participation of private counsel in his criminal prosecution and ineffective assistance by both trial and appellate counsel.

Petitioner now contends that the Kansas Supreme Court erred in allocating the burden of production to him and seeks the reopening of his habeas corpus proceeding. *See* Doc. 41, p. 5.

**Discussion**

Rule 60(b) provides, in relevant part, that under certain circumstances, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed.R.Civ.P. 60(b). As noted, petitioner proceeds under Rule 60(b)(6), a catch-all provision under which relief may be granted for "any other reason justifying relief from the operation of the judgment." Relief under this subsection may be granted only in "extraordinary circumstances." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 864 n. 11 (1988); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993). A motion under Rule 60(b)(6) must be made within a "reasonable time" after the judgment in question has become final. Fed.R.Civ.P. 60(c)(1).

It is now clear that while some motions filed in a habeas corpus action pursuant to Rule 60(b) are proper under that provision, other motions made pursuant to 60(b) assert challenges to the underlying convictions and should be considered second or successive applications for habeas corpus relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).

In the present motion, petitioner asserts a new claim for habeas corpus, namely, that the Kansas Supreme Court applied an improper burden of production in analyzing his claims for relief. Because petitioner did not present this claim in his application for habeas corpus or on appeal, the court concludes this claim must be construed as a successive application for habeas corpus relief. Petitioner must seek authorization in the U.S. Court of Appeals for the Tenth Circuit to proceed in such an application, and this court lacks jurisdiction to consider the merits of this claim absent such certification.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for relief from judgment (Doc. 41) is construed as a successive application for habeas corpus relief. Relief from the dismissal in this matter is denied without prejudice.

**IT IS SO ORDERED.**

DATED: This 30th day of November, 2012, at Topeka, Kansas.

                                             S/ Sam A. Crow
                                             SAM A. CROW
                                             U.S. Senior District Judge